NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| McKENZIE DANIELS, | No. 14-56967 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-06731-JFW-PJW |
| v. | |
| PATRICK R. DONAHOE, Postmaster U.S. Postal Service, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted September 13, 2016**

Before:   HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

McKenzie Daniels appeals pro se from the district court's order dismissing

his employment action alleging violations of Title VII and the Age Discrimination

in Employment Act ("ADEA"), and breach of implied contract. We have

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust administrative remedies. *Vinieratos v. United States*, 939 F.2d 762, 768 (9th Cir. 1991). We reverse and remand.

Dismissal of Daniels' action for failure to exhaust was premature at the pleading stage because it is not obvious from the face of the complaint and attached exhibits when Daniels became aware of the alleged discriminatory acts and, therefore, whether Daniels' contact with an Equal Employment Opportunity counselor was timely. *See Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009) ("Whether a plaintiff in a Title VII action has timely exhausted her administrative remedies is an affirmative defense, [so] the defendant bears the burden of pleading and proving it." (citation and internal quotation marks omitted)); *see also Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("[P]laintiffs ordinarily need not plead on the subject of an anticipated affirmative defense. When an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss." (citation and internal quotation marks omitted)).

Because we are remanding, we do not address the merits of Daniels' breach of implied contract claim, which the district court may address in the first instance.

14-56967

We treat Daniels' October 9, 2015 filing as both a request to supplement the opening brief and a supplement to the opening brief, and we deny the request as unnecessary.

**REVERSED and REMANDED.**